## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Stephen P. Kelly,

              Plaintiff,

Case No. 23-CV-3635 (JWB/DJF)

v.

Jill Philips et al.,                                    **ORDER**

              Defendant.

       This matter is before the Court on Plaintiff Stephen P. Kelly's Motion for Leave to File an Amended Complaint ("Motion to Amend") (ECF No. 66). The Motion to Amend is filed in response to the Court's October 8 Order requiring Mr. Kelly to file a motion to amend his complaint in accordance with Local Rule 7.1(a). (*See* ECF No. 54.) Defendant Jill Philips opposes the Motion to Amend on the ground that it does not comply with Local Rule 7.1. (*See* ECF No. 73 at 2.) For the reasons given below, the Court denies the Motion to Amend.

       First, the Motion to Amend does not comply with Local Rule 7.1. Under Local Rule 7.1(a), before filing *any* motion on the Court's docket, Mr. Kelly first must meet and confer with Defendant's counsel in a good faith effort to resolve any dispute and then file a meet-and-confer statement explaining to the Court whether Defendant objects to the motion. He failed to meet this requirement in filing his Motion to Amend. (*See generally* ECF Nos. 66, 74.)

       The Court notes that this is Mr. Kelly's third attempt to amend his Complaint. The Court has instructed Mr. Kelly *twice* on the meet-and-confer requirement (*see* ECF Nos. 35, 54), yet he continues to disregard the Court's clear instruction and files motions without first reaching out to Defendant's attorney to discuss them. The Court recognizes that Mr. Kelly is a pro se litigant, but if he intends to proceed with this case, he must comply with the rules. This is not an onerous

requirement. Mr. Kelly clearly has access to a telephone: He previously participated in Court proceedings by telephone, and he moved to participate in a future hearing by telephone (*see* ECF No. 49). All he needs to do prior to filing any non-dispositive motion is call Defendant's attorney to explain the relief he intends to seek from the Court and discuss whether any objection Defendant might have to such relief can be resolved by agreement. He must then file a brief statement with his motion indicating whether Defendant continues to object.

If noncompliance with Local Rule 7.1 was the primary basis for denying the Motion to Amend, the Court would be inclined to grant him another opportunity to properly amend his complaint, but it is not. The Court also denies the Motion to Amend as futile. "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the [proposed amendment] could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). In his April 29 Order, Judge Blackwell explained that Mr. Kelly cannot seek monetary relief if Defendants are sued in their official capacities since such claims are barred by the Eleventh Amendment. (*See* ECF No. 7 at 2.) In his Motion to Amend, Mr. Kelly states that he is suing Defendants in their official capacities (*see* ECF Nos. 66 at 1; 66-1 at 1, 6-7) and he is only seeking monetary relief (*see* ECF No. 66 at 2). Since the proposed amended complaint excludes the only kind of relief the Court could possibly grant, this case would be subject to dismissal if the Court granted the Motion to Amend. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii) (requiring courts to dismiss a case when a litigant proceeds *in forma pauperis* and the case fails to state a claim on which relief may be granted). The Court therefore denies the Motion to Amend as futile.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Plaintiff Stephen P. Kelly's Motion for Leave to File an Amended Civil Complaint (ECF No. 66) is **DENIED**.

Dated:  November 4, 2024                    *s/ Dulce J. Foster*
                                            DULCE J. FOSTER
                                            United States Magistrate Judge